■ In the Matter of GERALDINE B. (ANONYMOUS), Respondent, v. LOUIS B. (ANONYMOUS), Appellant.— Appeal from an order of the Family Court, Nassau Couty, entered October 31, 1968, which transferred this family-offense proceeding to the District Court of Nassau County. Order reversed, on the law, without costs, and proceeding remitted to the Family Court for further proceedings not inconsistent herewith. No questions of

fact were considered on this appeal. Appellant is a young man 17 years of age. On August 30, 1968 his mother filed a complaint in the District Court of Nassau County, charging him with being a wayward minor in that he was "wilfully disobedient * * * and * * * is in danger of becoming morally depraved" because he "has been staying out all night, drinking and is consorting with others who are drinking and smoking marijuana." On October 18, 1968 the District Court transferred the case to the Family Court, Nassau County, apparently because of the parent-child relationship of the complainant and appellant. On October 31, 1968 a hearing was held in the Family Court; the Judge there presiding ruled that the Family Court had no jurisdiction of a wayward minor charge against a male over 16 years of age; and on his own motion he transferred the proceeding back to the District Court. Parenthetically, it may be noted that the order (a printed form) entered on that oral decision recites that the processes of the Family Court are inappropriate for the disposition of this matter; and it makes no mention of lack of jurisdiction. However, the hearing minutes plainly show that the proceeding was transferred because of the court's belief that it lacked jurisdiction as a matter of law, not because it deemed the Family Court processes inappropriate for the disposition of the proceeding; both parties have treated the determination as one bottomed on alleged lack of jurisdiction and have so briefed this appeal from that order; and we therefore shall determine the appeal on that basis. In our opinion, the alleged acts and conduct of appellant, as set forth in the complaint of his mother which initiated the wayward minor proceeding in the District Court, constitute intrafamilial disorderly conduct within the ambit of section 812 of the Family Court Act. Hence, the Family Court has exclusive original jurisdiction of this matter and it was improper for the Family Court to transfer it to the District Court on the ground of lack of jurisdiction in the Family Court (Family Court Act, § 812; cf. *People* v. *Johnson*, 20 N Y 2d 220). And if we were not holding that the Family Court has exclusive original jurisdiction of this matter, we would have held that it has at least concurrent jurisdiction of the wayward minor proceeding, since any Magistrate, except a Justice of the Peace, can adjudge a person to be a wayward minor (Code Crim. Pro., § 913-b); and a Family Court Judge is a Magistrate (Family Ct. Act, § 151). While we are reversing the order because it was bottomed on an erroneous belief that the Family Court lacked jurisdiction, our remission of the matter to the Family Court is not intended to mean that the matter *must* be retained in that court for disposition, since the Family Court has discretionary power to transfer it to an appropriate criminal court if it concludes that the processes of the Family Court are inappropriate (Family Ct. Act, §§ 811, 816; *People* v. *Johnson*, 20 N Y 2d 220, *supra*). With respect to appealability of the order, it is our opinion that it is appealable as of right, since it affects a substantial right and is a final order terminating the proceeding in the Family Court (*Matter of Maliades* v. *Maliades*, 17 A D 2d 994; *Matter of Taylor* v. *Taylor*, 23 A D 2d 747). Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.